PER CURIAM:
The claimant brought this action for damage to her vehicle after it encountered a loose chunk of concrete on a road maintained by the respondent in Boone County.
The incident giving rise to this action occurred in the afternoon hours on or about June 21, 1997. The claimant was driving a 1986 Pontiac Grand Am southbound between Danville and Chapmanville behind a tractor trailer. The evidence adduced at hearing was that the tractor trailer kicked up a loose chunk of concrete on the road surface, which then struck the claimant’s vehicle causing a flat tire. The cost of repairs was $55.56,
The claimant testified that the chunk of concrete was approximately 10 inches in breadth. The respondent’s testimony indicated that a blow-up of an expansion joint in the area was discovered the Monday following the accident.
It is well established that the State is neither a guarantor nor an insurer of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947) The general rule of this Court is that in order for the respondent to be held liable for road defects of this nature, the *88 claimant must establish that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). With regard to these kinds of blow-ups, the Court has held that blow-ups which occur on concrete highways are by their nature unforeseeable due to variables in temperature and moisture. Therefore, in view of the foregoing, the Court is of the opinion that the claim must be denied.
Claim disallowed.